MELLOY, Circuit Judge,
concurring.
I concur because the district court correctly granted summary judgment to the Commissioners. I write separately, however, because I believe the Commissioners’ actions of terminating the Agreement and ceasing the $350 monthly rent payments were not legislative. Rather, the Commissioners are entitled to qualified immunity, not legislative immunity, for these actions.
The majority holds that because the Commissioners acted pursuant to section 49.510 of the Missouri Annotated Statutes, the decision to terminate the Agreement was legislative. To determine whether the Commissioners’ decision was legislative, and thus entitled to legislative immunity, “the critical inquiry is in what capacity the [Commission was] acting at the time of the allegedly unconstitutional or unlawful conduct.” Brown v. Griesenauer, 970 F.2d 431, 436 (8th Cir. 1992). In Brown, this Court held that although state law authorized local legislators’ challenged action, the action was not truly legislative. Id. at 437. The. Court explained that the act challenged in that case, impeaching the mayor, was “not a ‘classic’ legislative function such as enacting ordinances or establishing municipal policy.” Id.
The majority explains that the Commissioners’ decision to terminate the Agreement and establish an office in the courthouse affected Young and future prosecutors alike. The Commissioners, however, did not terminate the Agreement because they decided that present and future prosecuting attorneys should have an office in the courthouse. The termination letter mentioned only that the Agreement was unconstitutional; it made no reference to future prosecuting attorneys or where they might hold their office. A decision that something is unconstitutional is “essentially judicial or adjudicatory in nature, even though the decision-making body ... [is] legislative. ‘A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist.’ ” Id. (quoting Prentis v. Atl. Coast Line Co., 211 U.S. 210, 226, 29 S.Ct. 67, 53 L.Ed. 150 (1908)). As a result, the decision to cease rent payments and terminate the Agreement was not legislative and, therefore, the Commissioners are not entitled to legislative immunity.
I would hold, instead, that the Commissioners are entitled to qualified immunity for ceasing rent payments and terminating the Agreement. As the majority states, Young has not established that when the Commissioners took these actions on March 31, 2014, “every reasonable official would have understood that” those actions violated the Youngs’ constitutional rights. See Mullenix v. Luna, — U.S. -, 136 *737 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (citation omitted). Similarly, as the majority notes regarding the Commissioners’ letter to the state attorney general, Young has not presented any authority for the proposition that the Commissioners’ could not rely on independent counsel, who informed the Commissioners that the Agreement was unconstitutional and advised them to terminate the Agreement. See Kincade v. City of Blue Springs, 64 F.3d 389, 399 (8th Cir. 1995). Thus, the Commissioners are entitled to qualified immunity for these actions.